UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA KELLY,

                        Plaintiff,

v.                                            **DECISION AND ORDER**
                                                     13-CV-801S

KALEIDA HEALTH,

                        Defendant.


## I. INTRODUCTION

Plaintiff commenced this action *pro se*[1] asserting a claim against her former employer, Kaleida Health, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. Presently before this Court is Defendant Kaleida Health's motion for judgment on the pleadings. This Court finds the matter fully briefed and oral argument unnecessary.

## II. BACKGROUND

The instant action follows Plaintiff's allegation of employment discrimination filed with the New York State Division of Human Rights ("NYSDHR") and cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff was hired by Defendant on September 10, 2012 as an environmental services worker for its Highpointe on Michigan Health Care Facility. (Docket Nos. 1-1 at 10; 21-1 at 24.) As stated in her NYSDHR amended complaint:

On September 13, 2012, [Defendant's] Human Resources representative .

---

[1] Plaintiff was subsequently granted leave to proceed *in forma pauperis*.

> . . told me I was suspended due to a letter he had received from the New York State Department of Health regarding my prior conviction record. He also told me that if I provided copies to him of all the documentation requested by the Department of Health that I could then return to work under supervision pending the Health Department's final decision. I provided this documentation. This documentation included a statement from the New York State Office of Children & Family Services which concluded after investigation that my prior arrest record should not prohibit me from employment. [Defendant] re-called me to work on September 17, 2012.
>
> On October 16, 2012, [Defendant's Human Resources representative] told me I was terminated because the Department of Health had decided against me. I believe this was a pretext and that the real reason for my termination is my race/color and prior conviction record. I believe I was treated differently by [Defendant] than similarly situated employees who are not African American and who have a prior conviction record.

(Id. at 10-11.) Plaintiff therefore alleged that she was subjected to an unlawful discriminatory employment action because she was "African American and ha[d] a prior conviction record." (Docket No. 1-1 at 10.)

The NYSDHR dismissed Plaintiff's amended complaint on May 30, 2013 because the Division did not have "jurisdiction over the Department of Health with respect to the requirements of Article 23-A of the Correction Law," which governs the licensing and employment of persons previously convicted of criminal offenses. (Docket No. 1-1 at 2-3); see generally N.Y. Correction Law § 751. The Division further found that Defendant could not be held accountable for the termination because it was obligated under the law to defer to the Department of Health's determination of Plaintiff's suitability for employment. (Docket No. 1-1 at 2-3.) On June 27, 2013, the EEOC similarly dismissed the charge for lack of federal jurisdiction. (Id. at 1.)

Plaintiff commenced the instant action on August 5, 2013 by filing a preprinted discrimination complaint form. Although she did not fully complete the form with respect

to her specific allegations, several of the NYSDHR and EEOC documents were submitted as exhibits. Accordingly, the Court will rely on Plaintiff's version of events as alleged in her amended complaint before the NYSDHR.

### III. DISCUSSION

"After the pleading are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Resolution of the merits in this manner is appropriate if the material facts are undisputed and a judgment may be reached merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In determining whether judgment on the pleadings is warranted, courts employ the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011); Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).  Thus, all factual allegations in the complaint and exhibits attached to or referenced therein will be accepted as true, and all reasonable inferences will be made in Plaintiffs' favor.  L-7 Designs, Inc., 647 F.3d at 429; Johnson, 569 F.3d at 43; see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Nechis v. Oxford Health Plans, 421 F.3d 96, 100 (2d Cir. 2005).

Further, where a plaintiff is proceeding *pro se*, as here, her pleadings and arguments must be construed with "special solicitude" and interpreted to raise the strongest claims suggested. Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief." Hogan, 738 F.3d at 515.  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Defendant correctly states that discrimination based upon a prior conviction record is not actionable under Title VII. See McCoy v. People Care Inc., No. 11 Civ. 2689(RA), 2013 WL 5313433, *5 (S.D.N.Y. Sept. 20, 2013); Idlisan v. N.Y.S. Dep't of Taxation and Finance, No. 1:12-cv-1787(MAD/CFH), 2013 WL 2898050, *4 (N.D.N.Y. June 13, 2013); Tubbs v. N.Y.C. Parks Dep't (JTP) Parks Opportunity Arsenal West, No. 12-CV-3322 (CBA)(VMS), 2012 WL 4838439, *1 (E.D.N.Y. Oct. 10, 2012). Here, however, Plaintiff alleges that the prior conviction was a pretext for termination based on race, because she "was treated differently by [Defendant] than similarly situated employees who are not African American and who have a prior conviction record." (Docket No. 1-1 at 11.) Thus, construing her NYSDHR amended complaint liberally, Plaintiff has asserted a claim based on more than just the prior conviction.

Nonetheless, Defendant correctly argues that Plaintiff cannot as a matter of law state a prima facie case of discrimination. Plaintiff's allegations do not contradict, and in fact support, Defendant's assertion that the decision to terminate her was made by the New York State Department of Health, not Defendant. As Defendant explains, New York State law requires that state licensed or certified residential health care facilities, home care services agencies, or long term home health care programs request a background

4

check of a prospective employee, including his or her criminal history, through the Department of Health. N.Y. Public Health Law § 2899(6); 2899-a(1); N.Y. Executive Law § 845-b(2). Based on the results of that background check, the state agency has the authority to direct the employer or potential employer to deny or terminate employment. N.Y. Executive Law § 845-b(5).

As reflected in Plaintiff's own submissions, this is exactly what happened here. Defendant made the requisite inquiry following Plaintiff's hiring in September 2012. (See Docket No. 1-1 at 22 (consent form signed by Plaintiff acknowledging that the Department of Health was required to perform a criminal history check as part of the application process).) Upon being informed that the Department of Health intended to find Plaintiff ineligible for that employment, Defendant's Human Resources representative worked with Plaintiff to reinstate her pending the Department's final determination. (Docket No. 1-1 at 6, 10-11.) She was ultimately terminated not because of any determination by Defendant, racially motivated or otherwise, but "because the Department of Health had decided against [her]." (Docket No. 1-1 at 11, 25-26.)   Any challenge to this administrative determination is more appropriately pursued through a New York State Article 78 proceeding. See generally N.Y. C.P.L.R. § 7803; N.Y. Correction Law § 755(1); Walker v. Daines, No. 08-CV-4861(JG)(LB), 2009 WL 2182387, *11 (E.D.N.Y. July 21, 2009); see also N.Y. Executive Law § 845-b(9) (health care provider is immune from civil suit for damages arising out of the use of criminal history information obtained in good faith according to statute). Thus, Plaintiff's complaint, even construed liberally, therefore fails to state a claim against Defendant. Finally, this defect is a substantive one which cannot be cured with repleading. See Idlisan, 2013 WL 2898050 at *3, 5.

## IV. CONCLUSION

Defendant has established that Plaintiff cannot state a viable Title VII claim, and it is therefore entitled to judgment on the pleadings.

## V. ORDERS

IT HEREBY IS ORDERED that the Defendant's Motion for Judgment on the Pleadings (Docket No. 21) is GRANTED and the complaint is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   August 11, 2014
         Buffalo, New York

                                               /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                   Chief Judge
                                            United States District Court